IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

LESLIE G. SUNDSTRUM                )
and KAREN L. SUNDSTRUM,      )
                                      )
          Plaintiffs,            )    TC-MD 120042N
                                        )
      v.                       )
                                      )
DEPARTMENT OF REVENUE,     )
State of Oregon,                 )
                                      )
          Defendant.       )    **DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss (Motion) on the ground

that Plaintiffs failed to appeal within the 90 days required by ORS 305.280(2).

A case management conference was held on April 2, 2012, during which the parties

discussed Plaintiffs' appeal. Plaintiff Karen L. Sundstrum (Sundstrum) appeared on behalf of

Plaintiffs and Sandi Lyon (Lyon) appeared on behalf of Defendant. Sundstrum stated that

Plaintiff's 2007 Schedule A was audited by the IRS and ultimately allowed after Plaintiffs

provided additional information and evidence. She stated that she assumed the IRS would notify

Defendant. Lyon stated that it is Plaintiffs responsibility to send the IRS transcript to Defendant.

She further noted that no timely written objection was received by Defendant and that Plaintiffs'

appeal was not timely filed with the court.

Lyon stated Plaintiffs have two "other option[s]": under ORS 305.280(3), Plaintiffs "have

two years to appeal an assessment notice [to the Magistrate Division] after tax, penalty, and

interest have been paid in full"; and Plaintiffs may "request relief under the doubtful liability

statute ORS 305.295. A request under this statute must be sent to **the Department of Revenue**."

(Def's Mot at 1, 2 (emphasis in original).) Sundstrum stated that Plaintiffs could not afford to

pay the deficiency in full and would pursue doubtful liability relief with Defendant. Lyon agreed to send the doubtful liability form to Plaintiffs. Sundstrom declined to submit additional written arguments to the court. This matter is now ready for the court's determination.

Defendant mailed a Notice of Deficiency Assessment for the 2007 tax year to Plaintiffs on June 14, 2011. The Complaint was filed on January 19, 2012. That interval is longer than the 90 days required by ORS 305.280(2) (2009), which provides:

> "An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."

The court is not aware of any circumstances that extend the statutory limit of 90 days.

Defendant's Motion to Dismiss is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

The Complaint is dismissed.

Dated this ___ day of April 2012.

ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Pro Tempore Allison R. Boomer on April 4, 2012. The Court filed and entered this document on April 4, 2012.*